UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK J. SMITH,                          :
                                        :   NO. 1:12-CV-00225
        Plaintiff,                      :
                                        :
                                        :
   v.                                   :   **OPINION AND ORDER**
                                        :
                                        :
COMMISSIONER OF SOCIAL                  :
SECURITY,                               :
                                        :
        Defendant.


        This matter is before the Court on the Magistrate Judge's
Report and Recommendation, (doc. 16), and Defendant's Objections
(doc. 17), and Plaintiff's Response (doc. 18).  In her Report and
Recommendation, the Magistrate Judge recommended that the decision
of the Administrative Law Judge ("ALJ") denying Plaintiff
Disability Insurance Benefits ("DBI") and Supplemental Security
Income ("SSI") be reversed and this matter be remanded under
sentence four of 42 U.S.C. § 405(g) for further proceedings (doc.
16).  For the reasons indicated herein, the Court ADOPTS the
Magistrate Judge's Report and Recommendation in its entirety.

**I.  Background**

        Plaintiff filed an application for DIB and SSI in July
2007, alleging a disability onset date of January 1988, due to
physical and mental impairments (doc. 16).  Defendant denied such

claims initially and upon reconsideration (<u>Id</u>.). Plaintiff subsequently requested a hearing before an ALJ, which he obtained, and at which he was represented by counsel (<u>Id</u>.). The ALJ denied Plaintiff's application, following which Plaintiff requested review by the Appeals Council (<u>Id</u>.). The Appeals Council denied Plaintiff's request for review, thus making the ALJ's decision the final determination of the Commissioner (<u>Id</u>.).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for three reasons (<u>Id</u>.). First, he argues the ALJ erred by failing to properly explain the rationale for his residual functional capacity ("RFC") finding, 2) improperly weighing the medical opinions, and 3) failing to properly evaluate Plaintiff's learning disabilities and elbow impairments.

## II. The Magistrate Judge's Report and Recommendation

In her Report and Recommendation the Magistrate Judge reviewed the applicable standard of review, the relevant evidence, and the ALJ's decision (doc. 16). Having done so, the Magistrate Judge concluded the ALJ's evaluation of Plaintiff's mental and physical impairments was not supported by substantial evidence (<u>Id</u>.). Specifically, as to Plaintiff's mental impairments, the Magistrate Judge agreed with Plaintiff that the ALJ improperly relied on the testimony of the medical expert Dr. Schwartz, which was vague and inconsistent with the record, as opposed to the

opinion of Plaintiff's treating psychiatrist, Dr. Cheng (Id.).
Citing 20 C.F.R § 404.1527(d)(1) and (2), the Magistrate Judge
noted that more weight is generally given to a medical source who
examined a claimant over one who has not, and that the length of
treatment relationship and nature of such relationship are relevant
factors (Id.). Here, the Magistrate Judge found, the ALJ's
decision failed to provide additional rationale beyond two general
statements to justify the weight assigned to the findings of Drs.
Schwartz and Cheng (Id.). Notably, the Magistrate Judge found, the
ALJ's analysis of Dr. Cheng's opinion was included in the
evaluation of whether Plaintiff's impairments met or equaled any of
the Listings for mental health impairments, but was not included
during the RFC analysis (Id.). The Magistrate Judge further noted
the ALJ's decision provides no indication that he applied the
factors set out in Section 404.1527(c)-supportability, consistency,
specialization-when weighing the consultative doctors' opinions
(Id.). Thus, the Magistrate Judge concluded the ALJ failed to
fully articulate his rationale for the weight given to the opinion
evidence, and such failure necessitates remand for proper
evaluation of the medical evidence of record in accordance with
agency regulations and controlling law (Id.).

The Magistrate Judge next considered Plaintiff's
cognitive impairments, similarly concluding the ALJ failed to
properly evaluate Plaintiff's memory problems, his measures of

-3-

cognition, and his limited ability to read (Id.).  The Magistrate Judge found therefore the ALJ should revisit his evaluation of Plaintiff's cognitive limitations.

As for Plaintiff's right elbow impairment, the Magistrate Judge found further fact-finding necessary due to the complicated nature of his limitation in flexion contracture and Plaintiff's complaints of pain and weakness (Id.).  The Magistrate Judge noted the ALJ admitted Plaintiff's right elbow flexion contracture is severe, and that Plaintiff's orthopedic specialist Dr. Cross documented the fact that Plaintiff is unable to fully bend or extend his arm, and that Plaintiff has significant pain in his right elbow (Id.).  The Magistrate Judge recommended the services of a medical advisor should be obtained on remand in order to reevaluate whether Plaintiff's impairments are disabling (Id.).

In conclusion, the Magistrate Judge found that for all of the above reasons this matter should be remanded pursuant to sentence four for further proceedings (Id.).  She therefore recommended the Court reverse the ALJ consistent with her opinion (Id.).

III.  **The Parties' Responses**

Defendant objected to the Magistrate Judge's Report and Recommendation, contending the ALJ properly evaluated the evidence and substantial evidence supports a finding of non-disability (doc. 17).  Defendant contends the Magistrate Judge failed to consider

-4-

the entire record showing the ALJ considered the treating physician Dr. Cheng's opinion at Step Three, even if the ALJ did not consider such opinion in his Step Five analysis (Id.). Defendant specifically argues the ALJ properly gave little weight to the Dr. Cheng's opinion in favor of the opinions of several other mental health professionals, and that Dr. Cheng's opinion of severe limitations was actually inconsistent with Dr. Cheng's own evaluation (Id.). Defendant notes that Plaintiff's borderline intellectual functioning did not preclude him from working a variety of previous jobs, including work after his alleged disability onset (Id.). Defendant contends the Magistrate Judge's recommended remand for further fact-finding as to Plaintiff's elbow impairment is not necessary, as there are two medical opinions in the record already about Plaintiff's physical limiations (Id.).

Plaintiff responds by noting the Magistrate Judge clearly addressed that the ALJ considered Dr. Cheng's opinion at Step Three, but found the ALJ failed to provide discussion of such opinion in his RFC analysis (doc. 18). Plaintiff contends the Magistrate Judge, in relying on Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544-46 (6th Cir. 2004), properly concluded the ALJ failed to articulate with specificity the reasons for the weight accorded to Dr. Cheng's opinion (Id.). Plaintiff contends Dr. Cheng's opinion was not internally inconsistent because the combination of so many "moderate" limitations can create a "serious" limitation

overall (Id.).  Moreover, Plaintiff argues his work history shows he can perform competitive work for short periods but he cannot sustain competitive work (Id.).  As for Plaintiff's cognitive impairment, the Magistrate Judge noted the ALJ failed to account for Plaintiff's limited ability to read or for Plaintiff's memory problems (Id.).  And finally, as for Plaintiff's flexion problems, Plaintiff contends the ALJ's limitation to medium exertion is legally insufficient (Id.).  Plaintiff contends Defendant fails to consider that the two medical opinions regarding his physical limiations did not properly address this issue of his right elbow (Id.).  The Magistrate Judge pointed out that Plaintiff has a contracture of thirty degrees in either direction (extending or flexing) in his right elbow, that requires evaluation as to the functional impact on Plaintiff's ability to reach and handle very large objects (Id.).  Plaintiff contends this is a logical recommendation given that remand is ordered anyway and because common sense makes it clear that neither reviewing physician opinion properly addressed such impairment (Id.).

**IV.  Discussion**

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.  The Court finds the ALJ's non-disability determination unsupported by substantial evidence.

The Court agrees with Plaintiff that the ALJ failed to properly weigh the opinion of the treating physician, Dr. Cheng, and that Dr. Cheng's opinion, taken in its entirety, is not internally inconsistent. <u>Wilson</u>, 378 F.3d 541, 544-46 (6th Cir. 2004). The Court further agrees that Dr. Cheng's opinion should be evaluated when considering Plaintiff's RFC. Finally, the Court agrees that upon remand, a further evaluation of Plaintiff's elbow impairment by a medical advisor will ensure a complete record. A sentence four remand is appropriate as all factual issues have not been resolved and the current record does not establish Plaintiff's entitlement to benefits as of his alleged onset date. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. <u>See</u> <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 16), REVERSES the decision of the Commissioner to deny Plaintiff DIB and SSI benefits, and REMANDS this matter under sentence four of 42 U.S.C.

-7-

§ 405(g) consistent with the Magistrate Judge's Report and Recommendation.  This case is CLOSED on the Court's docket.


     SO ORDERED.


Dated: September 18, 2013     s/S. Arthur Spiegel
                                          S. Arthur Spiegel
                                          United States Senior District Judge